## KOTHE, TRUSTEE, *v.* R. C. TAYLOR TRUST.

No. 48.   Argued December 4, 1929.—Decided January 6, 1930.

*Mr. Frank H. Pardee* for petitioner.

*Mr. George S. Taft,* with whom *Mr. T. Hovey Gage* was on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

April 20th, 1927, respondent—the R. C. Taylor Trust—leased to one Turkel certain real estate, reserving rent at the rate of $4,000 per annum. The meager record before

us does not affirmatively show the length of the term, but we accept the statement by counsel for both sides that it was two years. The lease contained the following provision—

"The filing of any petition in bankruptcy . . . by or against the Lessee shall be deemed to constitute a breach of this lease, and thereupon, ipso facto and without entry or other action by the Lessor, this lease shall become and be terminated; and, notwithstanding any other provisions of this lease the Lessor shall forthwith upon such termination be entitled to recover damages for such breach in an amount equal to the amount of the rent reserved in this lease for the residue of the term hereof."

Turkel having been adjudged bankrupt the lessor filed proof of debt for $5,000 demanded as "damages for breach of lease . . . that being the same as the amount of rent reserved in the lease from February 15, 1928 to May 15, 1929, the end of the term."

The referee disallowed the claim "for the reason that the proof is based on damages for the amount of rent running from the date of the filing of the petition to the end of the term of the lease, no part of such claim being for any rent which had accrued at the time of the filing of said bankruptcy petition." The District Court affirmed his action; but the court below held the claim valid and allowable under § 63 (a) 4 of the Bankruptcy Act, 1898, 30 Stat. 563 (U. S. C., Title 11, c. 7, § 103).

The Trustee, petitioner here, maintains that the quoted provision of the lease imposed a penalty and did not express any lawful purpose to fix the liquidated damages which might follow failure to perform. On the other hand, the respondent insists that in view of the length of the term the agreement must be regarded as one for liquidated damages and therefore unobjectionable.

*Sun Printing & Publishing Ass'n* v. *Moore*, 183 U. S. 642 and *United States* v. *Bethlehem Steel Co.*, 205 U. S.

105, 119, point out principles applicable to enforcement of contracts providing for payment of definite sums upon failure to perform. The courts are " strongly inclined to allow parties to make their own contracts, and to carry out their intentions, even when it would result in the recovery of an amount stated as liquidated damages, upon proof of the violation of the contract, and without proof of the damages actually sustained. . . . The question always is, what did the parties intend by the language used? When such intention is ascertained it is ordinarily the duty of the court to carry it out." And see *United States* v. *United Engineering Co.*, 234 U. S. 236, 241: " Such contracts for liquidated damages when reasonable in their character are not to be regarded as penalties and may be enforced between the parties." But agreements to pay fixed sums plainly without reasonable relation to any probable damage which may follow a breach will not be enforced. This circumstance tends to negative any notion that the parties really meant to provide a measure of compensation—" to treat the sum named as estimated and ascertained damages."

Here, we find the lessee in a lease for two years agreeing that the mere filing of a petition in bankruptcy against him shall be deemed a breach and thereupon, *ipso facto,* it shall be terminated and the lessor shall become entitled to re-enter, also to recover damages equal to the full amount of the rent reserved for the remainder of the term. The amount thus stipulated is so disproportionate to any damage reasonably to be anticipated in the circumstances disclosed that we must hold the provision is for an unenforceable penalty. The parties were consciously undertaking to contract for payment to be made out of the assets of a bankrupt estate—not for something which the lessee personally would be required to discharge. He, therefore, had little, if any, immediate concern with the amount of the claim to be presented; most probably, that

would affect only those entitled to share in the proceeds of property beyond his control.

The broad purpose of the Bankruptcy Act is to bring about an equitable distribution of the bankrupt's estate among creditors holding just demands based upon adequate consideration. Any agreement which tends to defeat that beneficent design must be regarded with disfavor. Considering the time which the lease here involved had to run, nothing else appearing, it seems plain enough that the real design of the challenged provision was to insure to the lessor preferential treatment in the event of bankruptcy. The record discloses no circumstance sufficient to support a contrary view. If the term were much shorter, or there were facts tending to disclose a proper purpose, the argument in favor of the lessor would be more persuasive.

The decree of the court below must be reversed. The judgment of the District Court will be affirmed and the cause remanded there for further appropriate proceedings.

*Reversed.*