**In re TWENTIETH CENTURY MILLINERY EXCHANGE, Inc.**

**Claim of RIESER JEWELRY CO.**

**No. 46768.**

District Court, S. D. New York.

Feb. 5, 1930.

Siegel & Son, for bankrupt.

Samuel Sturtz, of New York City, for petitioning creditors and receiver.

Edmund G. Joseph, of New York City, for claimant.

COXE, District Judge.

This is a petition to review a referee's order expunging a claim filed by Rieser Jewelry Company for $6,000 for damages for breach of contract.

The referee held that the claim was contingent, and not provable as a fixed liability

under section 63a, subdivision 1 of the Bankruptcy Act, 11 USCA § 103(a) (1).

The facts appear in the proof of claim, and are not in dispute.

On September 24, 1925, the bankrupt leased from one Charles Ulin, a store at Providence, R. I., for a term of nine years and one month, commencing October 1, 1925, and expiring October 31, 1934, at an annual rental of $15,000, payable monthly in advance, in installments of $1,250 each. There was a provision in the lease that if the lessee (bankrupt) be adjudicated bankrupt, or if a petition in bankruptcy be filed by the lessee (bankrupt), "such event shall be deemed to constitute a breach of this lease and thereupon ipso facto and without entry or without other action by the lessor, this lease shall become and be terminated."

The bankrupt went into possession under the lease on October 1, 1925, and remained until April 14, 1928, when the entire premises were subleased to the claimant, Rieser Jewelry Company, for the balance of the term, or from May 1, 1928, to October 31, 1934, at an annual rental of $12,000 for the first two years; $13,500 for the second two years; and $15,000 for the balance of the term. This, in effect, was a loss to the bankrupt of $3,500 a year for each of the first two years, and $1,500 a year for each of the second two years. The sublease contained the following clause:

"It is understood and agreed that if the present lessor (meaning the bankrupt) commits any breach of covenant in the original lease (meaning between it and its lessor) and by reason of said breach the present lessee (namely the claimant) is compelled to take over said original lease from said Charles Ulin and assume a greater rent than is stipulated in its present lease, the said present lessor (bankrupt) shall be obligated to pay the present lessee as its damages the difference between the rent set forth in its present lease and the original lease Exhibit A, and *it is especially provided, understood and agreed by the said parties that the present lessee (meaning the claimant) can only bring its action to recover its damages for one year in advance of said action and shall be left to further action to recover from year to year until it shall have recovered its full amount of damages for said breach.*"

At the time of the execution of the sublease to claimant, Rieser Jewelry Company, an agreement was entered into between Charles Ulin, the owner of the premises, and the claimant, Rieser Jewelry Company, providing that if the main lease should at any time be terminated for breach of condition

on the part of the bankrupt, the owner would execute, and the claimant, Rieser Jewelry Company, would accept, a lease of the premises "in the same form and containing the same terms, covenants and conditions as the main lease" made with the bankrupt for the remainder of the term ending October 31, 1934.

On April 3, 1929, the involuntary petition was filed against the bankrupt, and thereafter the owner of the premises, Charles Ulin, commenced summary proceedings against the bankrupt and claimant, Rieser Jewelry Company, for the recovery of possession; and as a result of these proceedings claimant, Rieser Jewelry Company, made a new lease with the owner of the premises, Charles Ulin, for the balance of the term at an annual rental of $15,000.

The amount of the claim is the difference in rent, payable by claimant, Rieser Jewelry Company, under the terms of the sublease with the bankrupt, and the amount it is now required to pay under the terms of the new lease with the owner, namely, $15,000 a year. The increased rental for the period from May 1, 1929, to April 30, 1930, amounts to $3,000, and for the period from May 1, 1930, to April 30, 1932, $3,000, or $1,500 for each of the two years, making in all $6,000, the amount of the claim.

■ I think the claim of the Rieser Jewelry Company is provable as a debt "founded * * * upon a contract express or implied," and "a fixed liability * * * absolutely owing at the time of the filing of the petition * * * whether then payable or not." Bankruptcy Act, § 63a, subdivisions 4 and 1, 11 USCA § 103(a) (4) and (1). Upon the filing of the petition, the principal lease "ipso facto and without entry or other action by the lessor" became terminated. It was not merely optional with the lessor whether the lease should be terminated or not, as the lease itself provided that upon the filing of the petition the lease was to end. It did end in law and in fact upon the commencement of the bankruptcy proceedings.

The dispossess proceeding instituted by the owner against the bankrupt and the claimant, Rieser Jewelry Company, in no way changed the plain legal effect of the termination clause, but was apparently deemed necessary in order that the owner might obtain recognition of its clear rights under the lease. Immediately upon the termination of the main lease by the filing of the petition, there was a "fixed liability" on the part of the bankrupt to pay the difference in the rents stipulated in the two leases. This liability was not only fixed in amount at the time the petition was filed, but was "absolutely owing." I am unable to see, therefore, why the claim should not be allowed.

■ It is not a claim for rent to accrue, which, in this circuit, is not provable, In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270, unless the default in the lease has occurred, and the liability has become fixed prior to the filing of the petition, In re Mullings Clothing Co. (C. C. A.) 238 F. 58. It is similar to an obligation to indemnify a surety where the liability has become fixed. Williams v. U. S. Fidelity Co., 236 U. S. 549, 35 S. Ct. 289, 59 L. Ed. 713. And the debt is "absolutely owing at the time of the filing of the petition," even though the bankruptcy itself was the act which crystallized the obligation already existing into a fixed liability. Central Trust Co. v. Chicago Auditorium Ass'n, 240 U. S. 581, 592, 36 S. Ct. 412, 415, 60 L. Ed. 811, L. R. A. 1917B, 580. As stated by Mr. Justice Pitney in that case:

"But we agree with what was said in Ex parte Pollard, 2 Low. Dec. 411, Fed. Cas. No. 11,252; that it would be 'an unnecessary and false nicety' to hold that because it was the act of filing the petition that wrought the breach, therefore there was no breach at the time of the petition. As was declared [by the same learned judge] in Re Pettingill [D. C.] 137 F. 143, 147: 'The test of provability under the act of 1898 may be stated thus: If the bankrupt, at the time of bankruptcy by disenabling himself from performing the contract in question, and by repudiating its obligation, could give the proving creditor the right to maintain at once a suit in which damages could be assessed at law or in equity, then the creditor can prove in bankruptcy on the ground that bankruptcy is the equivalent of disenablement and repudiation. For the assessment of damages proceedings may be directed by the court under § 63b (30 Stat. at L. 563, chap. 541, Comp. Stat. 1913, § 9647 [11 USCA § 103 (b)]).'"

■ Manifestly, the damages recoverable are not uncertain or incapable of ascertainment, as in Dunbar v. Dunbar, 190 U. S. 340, 23 S. Ct. 757, 47 L. Ed. 1084. The liability not only existed at the time the petition was filed, but the amount was certain. In re Pettingill & Co. (D. C.) 137 F. 143. It was in no sense a penalty, as the loss, by the termination of

the main lease, was an actual and not a problematical loss. Therefore, Kothe v. R. C. Taylor Trust, 280 U. S. 224, 50 S. Ct. 142, 74 L. Ed. 382, has no application. Neither is provability to be denied because payment was by the terms of the agreement to be made in instalments in the future. Central Trust Co. v. Chicago Auditorium Ass'n, supra; Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953.

I think that the learned referee was in error in expunging the claim, and the petition to review is sustained.