## In re VAN FLEET.

### No. 17171.

District Court, W. D. Pennsylvania.

Feb. 21, 1933.

Wylie McCaslin, of New Castle, Pa., for rent claimant.

Matthews & Jamison, of New Castle, Pa., for trustee.

Edwin M. Underwood, of New Castle, Pa., referee.

SCHOONMAKER, District Judge.

This case came before the court on certificate to review an order of a referee disallowing an accelerated, preferential rent claim of Frank P. McCandless and Mabel McCandless.

The referee held the acceleration clause of the lease to be void, as against the bankrupt estate in the hands of the trustee, under authority of Kothe v. Taylor Trust, 280 U. S. 224, 50 S. Ct. 142, 74 L. Ed. 382; further, that the contract in the lease as to future rent is executory; and that, therefore, the only claim of the landlord in bankruptcy is a damage claim for breach of the contract under the authority of Central Trust Company of Illinois v. Auditorium Association, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580.

The rent claim in the instant case is based on a written lease dated September 15, 1930, whereby Frank P. McCandless and Mabel McCandless leased Charles H. Van Fleet and Fred W. Eakin (the bankrupts in the instant case) a building located in the city of New Castle, Pa., for the term of two years beginning April 1, 1931, and ending March 31, 1933, for a total rent of $6,000, payable in monthly installments of $250.

This lease contained the following provisions: "It is further agreed that if the said Tenant shall default in the payment of any installment of rent, or of the water tax, or of any other sum provided for under this lease as the same becomes due and payable, or shall remove or attempt to remove or express or declare an intention to remove any of the goods and chattels from the premises, or should an execution be issued against the Tenant, bankruptcy proceedings be begun by or against said Tenant, or an assignment be made by Tenant for the benefit of creditors, or a receiver appointed for Tenant, then and in such case the entire rent for the balance of the said Term shall, at the option of the Lessor, at once become due and payable as if by the terms of this lease it were all payable in advance; or·at lessor's option, this lease shall become null and void. In case of such assignment, bankruptcy proceedings, appointment of a receiver, or of a sale on legal process of Tenant's goods, Lessor at his option shall have the right to demand and receive the rent for the balance of the term, which shall be first paid out of the proceeds of such assignment, bankruptcy or receiver's proceedings or sale on legal process, any law, usage or custom to the contrary notwithstanding."

Van Fleet & Eakin were adjudged bankrupts on their voluntary petition filed March 30, 1932. On that date, rent for the months of February and March, 1932, was then past due and unpaid.

On April 18, 1932, Frank P. McCandless and Mabel McCandless filed with the referee a claim for the rent past due, to wit, for the months of February and March, 1932.

On May 13, 1932, Frank P. McCandless and Mabel McCandless filed another rent claim on said lease for $2,500, claiming as follows: "Rent for the premises in which the business of said partnership was transacted at the rate of $250.00 per mo. for ten months beginning April 1, 1932, as provided by the written lease which is hereto attached and made a part of this claim, all of which is claimed as a preferred claim. In addition thereto there is claimed the sum of $500.00, not as a preferred claim, being the rent of the same premises for the months of February

and March, 1933, according to the terms of said Lease."

On this second claim, the referee made the following order: "It is, therefore ordered that the claim as filed by the landlord for the accelerated rent, be, and the same is, not allowed."

We are of the opinion that the above order of the referee must be approved, because, whether or not he is correct in holding that the acceleration clause of the lease is void as against the trustee in bankruptcy is of no importance, for, as we view the situation in the present case, the landlord had no claim for accelerated rent at the time bankruptcy intervened. The landlord's claim would come under the provisions of section 63a (4) of the Bankruptcy Act, 11 USCA § 103 (a) (4), which provides: "Debts of the bankrupt may be proved and allowed against his estate which are * * * founded upon an open account, or upon a contract express or implied."

The Supreme Court has held, in Zavelo v. Reeves, 227 U. S. 625, 631, 33 S. Ct. 365, 368, 57 L. Ed. 676, Ann. Cas. 1914D, 664, as follows: "But, reading the whole of § 63, and considering it in connection with the spirit and purpose of the act, we deem it plain that the debts founded upon open account or upon contract, express or implied, that are provable under § 63a, cl. 4 include only such as existed at the time of the filing of the petition in bankruptcy."

Now, applying this ruling to the acceleration clause contained in this contract, we find that the acceleration clause is not immediately effective either upon default in the payment of rent, or the happening of bankruptcy, but is contingent upon the option of the landlord. By the terms of this contract quoted above, the landlord has two options available to him in case the tenant makes default in installments of rent, or bankruptcy proceedings are begun by or against him: One, the right to demand and receive the rent for the balance of the term; the other, the option to declare the lease null and void.

The landlord, in the instant case, failed to exercise any option to have the rent for the entire term become due and payable before bankruptcy, although he had the right to do so under the terms of the lease, when the tenant made default in payment of rent installments due on the 1st day of February, 1932, and the 1st day of March, 1932. Then, in addition to that, the landlord filed a claim in the bankruptcy court on the 18th day of April, 1932, only for the past-due rent, which we consider is an election on his part not to avail himself of the provisions of the accelerating clause of the lease. He seems, however, to have undertaken to change his mind in this respect, and on the 13th day of May, he presented a claim under the acceleration clause of the lease; but we believe this is too late. This ruling on our part would seem to dispose of the landlord's claim also for a preference for the accelerated rent.

By the terms of the Bankruptcy Act, § 64b (7), 11 USCA § 104 (b) (7), among the debts awarded priority are debts which are entitled to priority by the laws of any state. The Pennsylvania Act of July 17, 1919, P. L. 1029 (39 PS § 96), awards to landlords in case of bankruptcy proceedings being instituted either by, or against the tenant, priority out of any sum or sums of money due the landlord for rent of such demised premises at the time of the institution of the receivership or insolvency proceedings, not exceeding one year's rent.

In the instant case, under the provisions of this lease, the accelerated rent clause had not become effective by the election of the landlord of his option upon the date of the filing of the petition in bankruptcy in this case, which was the 30th day of March, 1932. The federal courts of this circuit, following the Pennsylvania decisions and Pennsylvania laws, have awarded priority to the landlord, not to exceed a year's rent under the provisions of this statute and its predecessor. Wilson v. Pennsylvania Trust Co. (C. C. A.) 114 F. 742; In re Keith-Gara Co. (C. C. A.) 213 F. 450; Rosenblum v. Uber (C. C. A.) 256 F. 584; In the Matter of Schechter et al., Bankrupts (C. C. A.) 39 F.(2d) 18. But those were all cases where the accelerated rent was due upon the filing of the petition in bankruptcy without any act on the part of the landlord. In the Matter of Schechter et al., supra, the Circuit Court found the acceleration clause to be fixed and absolute at the time the petition was filed, and the option therein referred to pertains only to the amount of rent to be accelerated, and not to the liability for accelerated rent.

In the present case, in default in the payment of rent, or in the case of bankruptcy, the landlord had two options: (1) The right to demand balance of the rent due; and (2) the right to declare the lease null and void. He chose only to present a claim for the past due rent. We think he is bound by this first

election of his. He might also, in our opinion, have a claim for damages for breach of the lease contract through the happening of bankruptcy, but this is not involved in the case at bar.

As to the validity of the acceleration clause in the lease, the reasoning of the Supreme Court in the case of Kothe v. Taylor Trust, 280 U. S. 224, 50 S. Ct. 142, 143, 74 L. Ed. 382, strongly supports the conclusion of the referee that this acceleration clause would be void as against the bankrupt estate. That court says, on page 227 of 280 U. S., 50 S. Ct. 142, 143: "The broad purpose of the Bankruptcy Act is to bring about an equitable distribution of the bankrupt's estate among creditors holding just demands based upon adequate consideration. Any agreement which tends to defeat that beneficent design must be regarded with disfavor. Considering the time which the lease here involved had to run, nothing else appearing, it seems plain enough that the real design of the challenged provision was to insure to the lessor preferential treatment in the event of bankruptcy. The record discloses no circumstance sufficient to support a contrary view. If the term were much shorter, or there were facts tending to disclose a proper purpose, the argument in favor of the lessor would be more persuasive."

It is manifest in the present case that the acceleration provision of the lease was to insure the lessor preferential treatment in the event of bankruptcy. The lease had still a year to run when bankruptcy intervened, and would seem to present facts similar to those in the case of Kothe v. Taylor Trust, supra, which led the Supreme Court to declare the liquidated damage clause of the lease null and void. However, it is not necessary to go that far in the present case, and we prefer to rest our conclusion on the fact that the accelerated rent claim was not due at the time the petition in bankruptcy was filed in this case.

### PER CURIAM.

Now, February 21, 1933, this case came on to be heard on the petition to review an order of the referee disallowing the accelerated rent claim of Frank P. McCandless and Mabel McCandless,

And on due consideration thereof, it is hereby ordered that the order of the referee disallowing the accelerated rent claim of Frank P. McCandless and Mabel McCandless, be, and the same is, hereby approved.