## In re LOUIS K. LIGGETT CO.

### Claim of HARTFORD ÆTNA REALTY CORPORATION.

District Court, S. D. New York.
May 10, 1934.

Robinson, Robinson & Cole, of Hartford, Conn., Lord, Day & Lord (Barclay Robinson, of Hartford, Conn., of counsel), for petitioner.

Milbank, Tweed, Hope & Webb, of New York City (H. Struve Hensel, of New York City, of counsel), for trustees in bankruptcy.

KNOX, District Judge.

The decision of the Circuit Court of Appeals in the case of In re Outfitters' Operating Realty Co., Inc., 69 F.(2d) 90, 91, decided February 13, 1934, contains much that may be used in support of petitioners' effort to upset the determination of the referee which expunged the greater portion of petitioners' claim. Between that case and the present, however, there is a difference which appeals to me as being important, and which justifies a different result. It is this:

The measure of damages in the instant lease is "the difference between the annual rental value at the time of the breach and the annual rent payable by the Tenant in accordance with the provisions hereof, multiplied by the number of years and/or months remaining of the term of the lease."

In the Outfitters' Case the lessor was "entitled to recover damages * * * in an amount equal to the amount of the rent reserved in this lease for the residue of the term * * * less the fair rental value of the premises for the residue of said term."

The Court of Appeals regarded this latter formula as one which liquidated the damages "upon a footing familiar and fair."

As much cannot be said of the claim in petitioner's lease. The basis of liquidation for which it calls is that the rental value at the time of breach shall be accepted as a measure of such value for the remainder of the term—a period of two and one-third years. Throughout that time, the actual rental value of the premises may vary between wide limits, and yet, if the agreement be carried out, the prospective damages will not reflect the variation. In other words, the stipulated prediction of the rental value of the premises for the remainder of the term is not the best prediction possible at the time of trial. See In re Marshall's Garage (C. C. A.) 63 F.(2d) 759, 763. On the contrary, it is arbitrary, and, conceivably, may be highly unjust to other claimants in this estate. See Kothe v. R. C. Taylor Trust, 280 U. S. 224, 50 S. Ct. 142, 74 L. Ed. 382.

This distinction is enough, I believe, to require petitioner to assume the burden of taking the matter to the Circuit Court of Appeals. The Outfitters' Case has gone about as far as any of the decisions which involve the provability of rent damages in bank-

ruptcy claims, and in my opinion its doctrine should not be extended.

As regards the refusal of the referee to permit petitioner to amend its claim, it may be said that I should allow the amendment, had its subject-matter been held to be provable. .

The petition to review is dismissed.