### In re F. & W. GRAND 5–10–25 CENT STORES, Inc.

District Court, S. D. New York.

May 14, 1934.

Cravath, De Gersdorff, Swaine & Wood, of New York City (Joseph Day Lee and Frank H. Detweiler, both of New York City, of counsel), for trustee.

Gotthold & Gross and Livingston & Livingston, all of New York City, for claimant.

PATTERSON, District Judge.

The claim is founded on a lease made by the claimant to the bankrupt on November 9, 1929, for a twenty-five year term to commence on August 1, 1932. In March, 1932, equity receivers were appointed for the bankrupt, and these receivers gave notice to the claimant on May 21, 1932, that they disaffirmed the lease. An involuntary petition was filed against the bankrupt on July 14, 1932. The claimant filed proof of claim for $112,500, alleged to be the difference between the rent reserved for the term and the reasonable rental value. The referee expunged the claim.

■■ The claim is one based on the bankrupt's promise to pay rent in the future. The rule is that such claims are not provable. Manhattan Properties, Inc., v. Irving Trust Co., 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824. The claimant points out that here the term had not yet commenced; further, that prior to bankruptcy the equity receivers had disaffirmed the lease. The first of these was held not to be a distinguishing feature in Re Metropolitan Chain Stores, Inc. (C. C. A.) 66 F.(2d) 482, and also in Wright v. Irving Trust Co. (C. C. A.) 70 F.(2d) 245, decided April 2, 1934. The second was held unimportant in Re F. & W. Grand 5–10–25 Cent Stores (Possart v. Irving Trust Co.) (C. C. A.) 69 F.(2d) 807, decided March 12, 1934. These are decisions by the Circuit Court of Appeals of this circuit and must be taken as settling the law in this court.

The claimant would have us follow In re Mullings Clothing Co. (C. C. A.) 238 F. 58, also a decision in this circuit. The standing of that case has long been viewed as dubious. Since the Possart Case it must be taken as definitely overruled.

The referee was right in expunging the claim, and his order will be affirmed.