**DISTRICT OF COLUMBIA, Appellant,**

v.

**Samuel M. GREENBAUM, Trustee in Bankruptcy, et al., Appellees.**

**No. 12355.**

United States Court of Appeals District of Columbia Circuit.

Argued March 17, 1955.

Decided April 28, 1955.

634

Mr. Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, were on the brief, for appellant.

Mr. Frederick C. LeComte, Washington, D. C., for appellee Greenbaum.

Mr. Fred E. Youngman, Sp. Asst. to the Atty. Gen., with whom Messrs. Ellis N. Slack and A. F. Prescott, Sp. Asst. to the Atty. Gen., Leo A. Rover, U. S. Atty., and Lewis Carroll and Harold H. Greene, Asst. U. S. Attys., were on the brief, for appellee United States. Mr. Frank H. Strickler, Asst. U. S. Atty., also entered an appearance for appellee United States.

Before BAZELON, FAHY and DANAHER, Circuit Judges.

BAZELON, Circuit Judge.

This appeal is from the District Court's dismissal of a petition to review the bankruptcy referee's adverse ruling on claims of the District of Columbia.[1] The major issue involves an alleged clash between the national Bankruptcy Act and the District of Columbia Revenue Act of 1949.

Section 64, sub. a of the Bankruptcy Act[2] gives priority to "taxes * * *

---

1. We granted the District of Columbia's petition for allowance of an appeal under 30 Stat. 553 (1898), as amended, 11 U.S.C.A. § 47, sub. a.

2. 30 Stat. 563 (1898), as amended, 44 Stat. 666 (1926), 52 Stat. 874 (1938), 11 U.S.C.A. § 104, sub. a.

owing * * * to the United States or any State or subdivision thereof," § 64, sub. a(4), *after* expenses of administration, § 64, sub. a(1), wage claims, § 64, sub. a(2), and certain creditor expenses, § 64, sub. a(3); and § 57, sub. j [3] bars allowance of penalties. Section 132 of the District of Columbia Revenue Act of 1949, on the other hand, gives priority to the District of Columbia for unpaid gross sales taxes before all "claimants of whatsoever kind or nature" and makes penalties and interest thereon "a prior and preferred claim."[4] The referee held that the Bankruptcy Act governed the District's claim for gross sales taxes, interest and penalties. Accordingly, he allowed only a § 64, sub. a(4) priority for taxes and interest, and applied § 57, sub. j to disallow penalties. The District vigorously contends that the Bankruptcy Act provisions are superseded by § 132 of the District's Revenue Act because that section was enacted later in time and expressly applies "Whenever the business or property of any person subject to tax * * * shall be placed in receivership or *bankruptcy* * * *."[5]

This contention has considerable force. Literally, "bankruptcy" is all-inclusive and appears, at first blush, to extend to proceedings under the national Bankruptcy Act. But we are not bound by what "may appear on 'superficial examination'" to be the plain meaning of a word.[6] "Words generally have different shades of meaning, and are to be construed if reasonably possible to effectuate the intent of the lawmakers * * *."[7] Our duty to look beyond the apparent meaning of statutory language is particularly clear where, as here, the effect of a literal reading is an implied repeal pro tanto of an earlier enactment. "A law is not to be construed as impliedly repealing a prior law unless no other reasonable construction can be applied."[8] "The problem is to reconcile the two [acts], if possible, and to give effect to each."[9]

■■ We think such reconciliation is achieved here under a reasonable construction of the word "bankruptcy," as used in § 132 of the District of Columbia Revenue Act, to embrace only proceedings under local insolvency acts. That section follows, almost verbatim, the

---

3. 30 Stat. 560 (1898), as amended, 52 Stat. 866 (1938), 11 U.S.C.A. § 93, sub. j.

4. D.C.Code § 47-2609 (1951). In pertinent part, this section provides:

   "Whenever the business or property of any person subject to tax under the terms of this chapter, shall be placed in receivership or bankruptcy, or assignment is made for the benefit of creditors, or if said property is seized under distraint for property taxes, all taxes, *penalties*, and interest imposed by this chapter for which said person is in any way liable *shall be a prior and preferred claim*. Neither the United States marshal, nor a receiver, assignee, or any other officer shall sell the property of any person subject to tax under the terms of this chapter under process or order of any court without first determining from the Collector the amount of any such taxes due and payable by said person, and if there be any such taxes due, owing, or unpaid under this chapter, it shall be the duty of such of-

ficer *to first pay to the Collector the amount of said taxes out of the proceeds of said sale before making any payment of any moneys to any judgment creditor or other claimants of whatsoever kind or nature.*" Emphasis supplied.

5. Ibid., emphasis supplied.

6. United States v. American Trucking Ass'n, 1940, 310 U.S. 534, 544, 60 S. Ct. 1059, 1064, 84 L.Ed. 1345, quoting Helvering v. New York Trust Co., 1934, 292 U.S. 455, 465, 54 S.Ct. 806, 78 L.Ed. 1361.

7. People of Puerto Rico v. Shell Co., 1937, 302 U.S. 253, 258, 58 S.Ct. 167, 169, 82 L.Ed. 235, quoted in Vermilya-Brown Co. v. Connell, 1948, 335 U.S. 377, 386, 69 S.Ct. 140, 93 L.Ed. 76.

8. United States v. Jackson, 1938, 302 U.S. 628, 631, 58 S.Ct. 390, 392, 82 L.Ed. 488.

9. Federal Trade Commission v. A.P.W. Paper Co., 1946, 328 U.S. 193, 202, 66 S.Ct. 932, 937, 90 L.Ed. 1165.

Maryland sales tax statute.[10] As there used, "bankruptcy" refers only to state proceedings since the state act obviously could not affect priorities under the national act.[11] While Congress in adapting the Maryland law to the District *could* have used the word "bankruptcy" in a different sense than in the Maryland act, there is absolutely no evidence in the legislative history that it did. On the contrary, an important objective of the drafting committee was "to reduce the differences and possible friction * * between the adjoining areas of Maryland and * * * the District of Columbia * * * *by keeping the proposed measure as nearly as possible identical with the Maryland sales tax now in existence.*"[12] We infer that Congress adhered to the Maryland usage of "bankruptcy." This narrows § 132 but by no means eliminates it.[13]

In addition to the foregoing legislative history, we think other considerations make plain that Congress did not intend to repeal or modify crucially important provisions of so basic a statute as the Bankruptcy Act.[14]

(1) The Bankruptcy Act of 1867 gave to federal and state taxes a position prior even to costs of administration;[15] and this special treatment of taxes was ostensibly continued by the Act of 1898.[16] An ambiguity in that act, however, gave rise to "27 years of controversy"[17] which was not finally settled until 1926 when Congress expressly fixed the policy which substantially governs the priorities of federal and state taxes under the present act.[18] It is unrealistic to assume that Congress intended to create an exception sharply altering this long and well-considered policy without express reference to the Bankruptcy Act.

■■ (2) "The broad purpose of the Bankruptcy Act is to bring about an equitable distribution of the bankrupt's

10. Md.Ann.Code, art. 81, § 339 (1951). The District sales tax bill was authoritatively described on the floor of the Senate as following "rather explicitly the existing sales tax in Maryland." 95 Cong.Rec. 6087 (1949).

11. It could only affect proceedings under the state's insolvency law. Since this law merely provides for distribution of an insolvent's estate "according to the principles of equity * * *," the state gets a statutory priority for its unpaid sales taxes that it does not otherwise enjoy. Md.Ann.Code, art. 47, § 11 (1951).

12. From a colloquy on the floor of the Senate between Senator Holland and Senator Hunt, chairman of the subcommittee that drafted the sales tax bill. 95 Cong.Rec. 6087-88 (1949), emphasis supplied.

13. Section 132 will still give the District priority in local insolvency proceedings. Its scope will be similar to that of § 3466 of the Revised Statutes, 31 U.S.C.A. § 191, after the priority given therein to debts owing the United States was held to have been superseded in proceedings under the Bankruptcy Act by the priorities listed in § 64, sub. a. See Guaranty Title & Trust Co. v. Title Guaranty & Surety Co., 1912, 224 U.S. 152. In United States v. Emory, 1941, 314 U.S.

423, 62 S.Ct. 317, 86 L.Ed. 315, the Supreme Court made clear that in other bankruptcy proceedings, such as "an equity receivership proceeding in a state court," the United States' priority survived. Similarly here. When no proceedings are instituted under the Bankruptcy Act, or when the bankrupt person or corporation involved is not eligible to become a "bankrupt" under the act, 30 Stat. 547, as amended, 11 U.S. C.A. § 22, the District's priority will be recognized in whatever local insolvency proceedings are instituted. See, e. g., D.C.Code § 29-726 to 29-729 (1951).

14. To establish a repeal by implication, "the intention of the legislature to repeal must be clear and manifest." Posadas v. National City Bank, 1936, 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351; United States v. Borden Co., 1939, 308 U.S. 188, 198, 60 S.Ct. 182, 84 L. Ed. 181.

15. Act of March 2, 1867, § 28, 14 Stat. 517, 531 (1867).

16. Act of July 1, 1898, § 64(a), 30 Stat. 544, 563 (1898).

17. 3 Collier, Bankruptcy, 2111 (14th ed. 1941), see cases collected n. 2.

18. Act of May 27, 1926, § 15, 44 Stat. 662, 666-67 (1926).

estate among creditors holding just demands * * * "; [19] and, in the execution of that purpose, Congress has established a "reasonable classification of claims as entitled to priority *because of superior equities * * **." [20] Congress expressed no reason—and we are aware of none—why the District's claim for its unpaid sales taxes has any greater equity than claims of other governmental units for such taxes. And there is no support in logic or in the legislative history for assuming that Congress changed its mind about the superior equities of claims under §§ 64, sub. a (1), (2) and (3). Moreover, to allow penalties as a "prior and preferred claim" is sharply at odds with equitable principles traditionally governing the distribution of a bankrupt's estate.

For the foregoing reasons we uphold the rulings below: (1) that the District's claims for sales taxes and interest were entitled to priority only under § 64, sub. a(4) and "to no other priority whatsoever * * *"; and (2) that interest and penalties on the unpaid sales taxes in excess of six per cent per annum should be disallowed under § 57, sub. j as a penalty.[21]

■ The only remaining question on this appeal involves the District's claim for a one per cent per month payment on delinquent personal property taxes. The statute,[22] which imposes such taxes and delinquency payments, does not contain a provision like § 132 of the sales tax statute. The District contends that its claim is for interest. But it is in excess of the legal interest rate and the statute specifically designates it a penalty. We

therefore agree with the ruling below that the claim is for a penalty which is barred by § 57, sub. j of the Bankruptcy Act.

Affirmed.

---

19. Kothe v. R. C. Taylor Trust, 1930, 280 U.S. 224, 227, 50 S.Ct. 142, 143, 74 L.Ed. 382. See also Kuehner v. Irving Trust Co., 1937, 299 U.S. 445, 451, 452, 57 S.Ct. 298, 81 L.Ed. 340.

20. Carpenter v. Wabash R. Co., 1940, 309 U.S. 23, 29, 60 S.Ct. 416, 418, 84 L.Ed. 558, emphasis supplied.

21. Section 147 of the District of Columbia Revenue Act of 1949 calls for a "penalty of 5 per centum of the amount of tax due, plus interest at the rate of 1 per centum of such tax for each month of

delay * * *." The 5 per cent is denominated a "penalty" and clearly is one. That the one per cent per month is also in part a penalty is made clear by the following limitation contained in § 147: "but the Assessor, if satisfied that the delay was excusable, may waive all or any part of such *penalty* in excess of *interest* at the rate of 6 per centum per year." D.C.Code § 47-2624(a) (1951), emphasis supplied.

22. D.C.Code § 47-1209 (1951).