**Paul D. PEARLSTEIN, Trustee,
Plaintiff,**

v.

**SMALL BUSINESS ADMINISTRATION,
et al., Defendants.**

Civ. A. No. 82–1063.
Bankruptcy No. 80–00574.
Adv. No. 81–0190.

United States District Court,
District of Columbia.

June 8, 1982.

Paul D. Pearlstein, Washington, D.C., for plaintiff.

A. Patricia Frohman, Asst. U.S. Atty., Frank J. McDougald, Jr., Asst. Corp. Counsel, District of Columbia, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

This is an appeal from the United States Bankruptcy Court. The sole question presented is what treatment should be accorded a perfected security interest when faced with a District of Columbia tax lien which arose after perfection of the security interest. The Bankruptcy Court concluded that the District of Columbia tax lien takes priority over the perfected security interest as a result of a District of Columbia Code provision on priorities. For the reasons stated herein, this Court holds to the contrary. A perfected security interest senior in time to a District of Columbia tax lien takes priority under the Bankruptcy Code. The provision of the District of Columbia Code establishing priority for tax liens is not applicable in a federal bankruptcy proceeding.

The facts giving rise to this dispute may be briefly stated. On January 26, 1979, the National Savings and Trust Co. perfected a security interest in business assets of Sardis, Inc., debtor in the underlying bankruptcy proceeding. That secured claim was thereafter assigned to the Small Business Administration, defendant in the instant action. On December 8, 1980, the District of Columbia recorded a lien against the debtor for unpaid sales taxes. On December 12, 1980, Sardis, Inc. filed a petition under Chapter 11 of the Bankruptcy Code and that proceeding was converted to a Chapter 7 liquidation by Court Order of May 4, 1981.

Thereafter, the Trustee in Bankruptcy sold certain assets of the debtor's estate which were covered by the security interest held by the SBA and subject to the D.C. tax lien. The sale netted $70,000, which was insufficient to satisfy both the lien and security interest. The Trustee filed the adversary proceeding which is here on appeal to determine the priority of the lien against the assets of the bankruptcy estate and asking that he be authorized to distribute proceeds of the sale of the secured assets to the Small Business Administration.

In a Memorandum Opinion filed February 11, 1982, the Bankruptcy Court held that as a result of a D.C. law on the status of tax liens, the lien took priority over the SBA claim. The Court noted that the D.C. lien is subordinated under Section 724(b) of the Bankruptcy Code to the first five priorities of Section 507(a) of the Bankruptcy Code, including administrative expenses and certain unsecured claims. The Court also noted that there probably would be no surplus available for the SBA. This appeal followed.

## I. STATUTES INVOLVED

Section 724(b) of the Bankruptcy Code, 11 U.S.C. § 724(b), sets the priorities for distribution of property subject to liens:

(b) Property in which the estate has an interest and that is subject to a lien that is not avoidable under this title and that secures an allowed claim for taxes, or proceeds of such property, shall be distributed—

(1) first, to any holder of an allowed claim secured by a lien on such property that is not avoidable under this title and that is senior to such tax lien;

(2) second, to claims specified in Sections 507(a)(1), 507(a)(2), 507(a)(3), 507(a)(4), and 507(a)(5) of this title, to the extent of the amount of such allowed tax claim that is secured by such tax lien;

(3) third, to the holder of such tax lien, to any extent that such holder's allowed claim that is secured by such tax lien exceeds any amount distributed under paragraph (2) of this subsection;

(4) fourth, to any holder of an allowed claim secured by a lien on such property that is not avoidable under this title and that is junior to such tax lien;

(5) fifth, to the holder of such tax lien, to the extent that such holder's allowed claim secured by such tax lien is not paid under paragraph (3) of this subsection; and

(6) sixth, to the estate.

Upon application of D.C.Code § 47–2609 (presently codified at D.C.Code § 47–2012), the Bankruptcy Court held that the lien held by the Small Business Administration, even though it attached earlier in time, was not senior to the D.C. tax lien, and therefore not entitled to the priority of Section 724(b)(1). Section 47–2012 provides, in pertinent part:

Whenever the business or property of any person subject to tax under the terms of this chapter, shall be placed in receivership or bankruptcy, or assignment is made for the benefit of creditors, or if said property is seized upon distraint for property taxes all taxes, penalties and interest imposed by this chapter for which said person is in any way liable shall be a prior and preferred claim.

The Bankruptcy Court also relied on the District of Columbia Court of Appeals case interpreting that D.C.Code provision, *Malakoff v. Washington,* 434 A.2d 432 (D.C. 1981), wherein the D.C. Court recognized the superiority given tax claims over an earlier filed and perfected security interest.

## II. ANALYSIS

This case turns on the meaning to be accorded the term "senior" in Section 724(b)(1). The Bankruptcy Court, finding no definition in the Bankruptcy Code itself, turned to local law and found that since tax liens are superior to perfected security interests under the D.C.Code, they are senior under the federal Bankruptcy Code. The Trustee and the Small Business Administration argue that "senior" means prior in time and that local law has no role to play in establishing priorities under Section 724(b).

■ The D.C. law relied on below is not applicable to the underlying bankruptcy proceeding. First, D.C.Code § 47–2012 was not enacted to affect federal proceedings. *District of Columbia v. Greenbaum,* 223 F.2d 633 (D.C.Cir.1955). *Greenbaum* involved a clash between the priorities established by the old Bankruptcy Act and the earlier codification of the D.C. statute here at issue. The District of Columbia argued in that case that the D.C. Act superceded the priorities established by the Bankruptcy Act because the D.C. law was later enacted; thus, D.C. maintained that its tax liens had priority over all other claims.

Judge Bazelon, writing for the Court, declared that the D.C. law was not enacted to affect federal bankruptcy proceedings, but, rather, governed only local proceedings. He observed that D.C. tax liens could not be given a preferred position:

It is unrealistic to assume that Congress intended to create an exception sharply altering this long and well considered policy [of priorities] without express reference to the Bankruptcy Act.

223 F.2d at 636.

The enactment in 1978 of the new Bankruptcy Code reestablished priorities of distribution. There is not the slightest indication that Congress contemplated according

the D.C. law a status it did not hold with respect to the earlier Bankruptcy Act. Just as the D.C. law could not affect the priorities in *Greenbaum,* it should not affect distribution in this case.

The scheme for distribution set out by Congress in Section 724(b) is one for subordination of tax liens to holders of liens senior to the tax lien. *See* H.Rep. No. 95–595, 95th Cong., 1st Sess. (1977), U.S. Code Cong. & Admin.News 1978, p. 5787. *See also* Collier, *Bankruptcy* ¶ 723.03. The result reached by the Bankruptcy Court placed a senior secured claim below even unsecured claims when the tax claim "dragged down" the prior secured claim. (Under section 724(b), if a secured claim cannot avoid a tax lien, claims allowed under section 507(a) are paid to the extent of the tax lien; then the tax lien is satisfied with the remainder, if any; *then* subordinated secured liens are paid, which—as the Bankruptcy Judge pointed out—is unlikely.) A first in time lien would be subordinated only to tax liens filed by the District of Columbia under the Bankruptcy Court's analysis.[1]

■ "Senior," as that term is used in Section 724(b), should have its ordinary meaning of first in time. *See United States v. Bluhm,* 414 F.2d 1240, 1243 (7th Cir.1969). The concept of first in time, first in right applies with full force when a perfected security interest is faced with a statutory tax lien. The claim of the Small Business Administration under the senior perfected security interest shall be given priority over the junior D.C. tax lien.

Therefore, it is by the Court this 8th day of June, 1982,

ORDERED, that the decision of the United States Bankruptcy Court for the District of Columbia be and hereby is REVERSED; and it is

FURTHER ORDERED, that sales tax lien held by the District of Columbia

Government in Bankruptcy Proceeding No. 80–00574 be and hereby is SUBORDINATED to the perfected security interest of the Small Business Administration; and it is

FURTHER ORDERED, that this action be and hereby is DISMISSED.

---

1. This analysis allows local law to override the priorities established by the Bankruptcy Code and accords D.C. tax claims better treatment than other tax claims. "Congress expressed no reason—and we are aware of none—why the District's claim for its unpaid sales tax has any greater equity than claims of other governmental units for such taxes." *Greenbaum,* 223 F.2d at 637.