## In re PHILIP SEMMER GLASS CO.

(Circuit Court of Appeals, Second Circuit. January 12, 1905.)

1. BANKRUPTCY—COMMERCIAL PAPER—INDORSEMENT—BANKRUPT'S LIABILITY —PROVABLE DEBTS.

  The liability of a bankrupt indorser of commercial paper which did not become absolute until after the filing of the petition is a debt provable in bankruptcy.

  [Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 470, 476.]

2. SAME—MUTUAL CREDITS—SET-OFF.

  Bankr. Act July 1, 1898, c. 541, § 1, subd. 11, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], provides that the word "debt" shall include any debt, demand, or claim provable in bankruptcy; and section 68 (30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]) declares that in all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated, and one debt shall be set off against the other, and the balance only shall be allowed or paid. *Held* that, where a national bank was indebted to a bankrupt on a deposit, and he was indebted to the bank as indorser on a note, which liability did not become absolute until after the filing of the bankrupt's petition, the bankrupt's liability as indorser being a provable debt the bank was entitled to set off the deposit against such liability and prove the remainder against the bankrupt's estate.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here on appeal from an order of the District Court, Southern District of New York, confirming a report of a referee in bankruptcy which allowed the claim of the First National Bank of Jersey City for $8,519.27 against the bankrupt's estate.

Martin Conboy, for appellant.

Hamilton Wallis, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. It seems unnecessary to add anything to the discussion of the case, which will be found in the report of the referee, 11 Am. Bank Rep. 665. It was held in N. Y. County National Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380, that, in the absence of fraud or collusion, a bank which holds promissory notes of a bankrupt need not surrender a deposit balance standing to the credit of the bankrupt on the day of the adjudication in bankruptcy, but may set it off against said notes, and prove for the amount remaining due after such set-off. The appellant seeks to differentiate the case at bar on the ground that the notes held by the First National Bank were not due at the date of adjudication (they have since matured), and that the bankrupt was not the maker, but the indorser, wherefore the notes did not constitute a "debt" of the bankrupt. His argument is interesting and ingenious, but entirely disregards section 1, subd. 11, Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], which provides that the word "debt," when used in said act, "shall include any debt, demand, or claim provable in bankruptcy."

That meaning must be given to the word when used in the set-off section (section 68, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]):

"In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other and the balance only shall be allowed or paid."

To determine, therefore, whether the holder of a claim is entitled to the benefit of section 68, it is necessary only to inquire whether his claim is one provable in bankruptcy.

We concur with the Court of Appeals for the Third Circuit (Moch v. Market St. Nat. Bank, 107 Fed. 897, 47 C. C. A. 49) in the conclusion that the liability of a bankrupt indorser of commercial paper which did not become absolute till after the filing of the petition is a debt provable in bankruptcy.

The order appealed from is affirmed, with costs.