In re BUZZINI & CO., Inc.

Ex parte L. BARTH & SON.

(District Court, S. D. New York. December 29, 1910.)

1. BILLS AND NOTES (§ 422*)—INDORSEMENT—WAIVER OF PRESENTATION AND NOTICE OF PROTEST.

The maker of a note has no such conflicting interest with the indorser when he fastens liability on the indorser as will prevent him from waiving presentment and notice of protest as agent of the indorser; the maker not being exonerated by the fixing of the indorser's liability.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1197; Dec. Dig. § 422.*]

2. BILLS AND NOTES (§ 398*)—INDORSEMENT—CONSIDERATION.

Where a bankrupt corporation received property from the maker of certain notes to secure the corporation's indorsement thereof, the corporation could not keep the property and throw the loss on the maker merely because the holder failed to fasten liability on the corporation as indorser by due presentment and notice of protest.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1045–1050; Dec. Dig. § 398.*]

3. BILLS AND NOTES (§ 422*)—INDORSEMENT—WAIVER OF PRESENTMENT—NOTICE OF PROTEST—EFFECT.

The effect of a waiver of presentment and notice of protest of a note as against the indorser relieves the obligation of the condition usual in such cases, and makes the note the indorser's absolute obligation to pay the sum fixed, leaving his recourse to enforcement of his right of subrogation.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1208; Dec. Dig. § 422.*]

4. BANKRUPTCY (§ 316*)—PROVABLE CLAIM—INDORSER.

The obligation of an indorser is a provable claim in bankruptcy, even though subject to the condition of presentment and notice of protest.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 475, 476; Dec. Dig. § 316.*]

5. BANKRUPTCY (§ 316*)—CLAIM—LIABILITY OF INDORSER.

The A. Company being insolvent, and B., being willing to become liable for the claim of petitioners against the company, gave certain notes as security, petitioners agreeing not to present the notes until the last dividend from the A. Company's assets was paid, and then to enforce the notes against B. only to the extent of its own loss and procured the B. Company to indorse the notes. Held, that B. thereby assumed the obligation of the A. Company, leaving in petitioner's hands the dividends in bankruptcy as security pro tanto, and that the liability of the B. Company on the notes was not so contingent as to prevent proof as a valid claim in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 474–476; Dec. Dig. § 316.*]

6. BANKRUPTCY (§ 316*)—CLAIMS—"CLAIMS ABSOLUTELY OWING."

Where a claim against a bankrupt as indorser of certain notes was an indebtedness absolutely owing, it was not material to the holder's right to prove such claim against the bankrupt's estate that the notes would not be due for more than a year after the adjudication of the indorser as bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 474–476; Dec. Dig. § 316.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of bankruptcy proceedings of Buzzini & Co., Incorporated. On petition of L. Barth & Son for the allowance of a claim. Referee's order refusing to allow the claim reversed, and claim allowed.

Chas. Coleman Miller, for trustee.

Emanuel Eschwege, for petitioner.

HAND, District Judge. Two points only are made against the claim: First, that there was no notice of protest; second, that the notes fell due more than a year after adjudication. As to the first point, the plaintiff proves sufficiently waiver of presentation and notice of protest. To this the trustee replies that it was Buzzini who made the waiver, and that he was maker; that as maker he had a conflicting interest with his corporation, and so could not act as its agent. But a maker has no conflicting interest when he fastens liability on the indorser, because the indorser's liability does not exonerate him. If the indorser pays, he takes up the note, and sues the maker. How then can the maker have a conflicting interest in fastening liability on the indorser? He is liable to somebody anyway, and it can make no difference to him whether the plaintiff, who sues him, be the holder or the indorser. But the trustee answers that, though formally the bankrupt was only indorser and so surety, in fact it was the party ultimately liable upon the notes, and so could not have thrown the loss on Buzzini. To this the reply, in turn, is that if that be the proper interpretation of the facts, which are very vague at best, then the bankrupt was in any case liable in one way or another. All that Buzzini says is that he had agreed to give the patents to the bankrupt in consideration of the indorsement of the notes. If this is true, Buzzini could have sued the bankrupt in any event, had he paid the notes, even if the holder had failed properly to charge the indorser, because his right was not dependent upon the liability of the bankrupt to the claimant upon the indorsement.

It arose from the implied agreement that, if the bankrupt got the property, it would exonerate Buzzini if he had to pay; the money which he paid on the notes would have been paid to its use. Equity would not have allowed the bankrupt, having indorsed the notes, to keep the property and throw the loss on Buzzini merely because the holder failed to fasten it as indorser. It would have been an almost imaginable contract, which should have read thus: "I will sell you the patents which I am to get for these notes, if you will indorse them, but, should the holder sue me and not you and recover, the burden shall rest on me, though you keep the property." Even had the claimant released the bankrupt, Buzzini could have sued in the common courts, for his recourse does not depend on subrogation to rights of the holder. Pearce v. Wilkins, 2 N. Y. 469. Therefore from any point of view the validity of the indorsement was a matter of indifference to Buzzini, and there was no conflict of interest between him and the corporation when he waived presentation and protest. His authority is not questioned, for he had general management of all the bankrupt's affairs.

The trustee also raises the question of the provability of this liability. It consists of an indorsement upon a note as to which the indorser has waived presentation and notice of protest. The effect of such a waiver is to relieve the obligation of the usual conditions and to make it an absolute obligation to pay the sum upon the day fixed, or in this case upon the adjourned day, leaving to the indorser his recourse over by subrogation. However, it is settled in this circuit that the obligation of an indorser is a provable claim even when it is subject to the condition of presentation and notice of protest. Re Philip Semmer Glass Co., 135 Fed. 77, 67 C. C. A. 551, and, although that case follows Re Gersen, 107 Fed. 897, 47 C. C. A. 49, the reasoning in which is, in turn, disapproved of in Re Roth & Appel (C. C. A.) 181 Fed. 667, 674, still I should not feel at liberty to disregard it on that account while it stands not expressly overruled.

However, it is rather because Buzzini's own liability as principal was contingent that the trustee attacks these claims. The facts were these: When the notes were given, a petition in bankruptcy had been filed against the Arena Company, and its affairs were being conducted by a committee of creditors. It was recognized as insolvent, though to what extent could not then be exactly known. Buzzini either already was, or was then willing to become, liable for the claim of L. Barth & Son against the Arena Company, and gave the notes as security. The claimant agreed not to present them till the last dividend from the Arena Company came to hand, and then to enforce them only to the extent of its own loss. The question is whether this made them contingent. The dividends from the Arena Company were an undetermined fund which was security for the notes. I do not forget that the contract calls the notes collateral security for the claim, but the claim against the Arena Company except for these dividends was a mere formal obligation, and there was in fact nothing but the notes to meet the deficiency. It is true that the time of payment of the notes was delayed but that the statute expressly distinguishes from contingency. Section 63a (1), Act July 1, 1898, c. 541, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447). It is also true that they were not to be enforced to the extent to which the dividends paid upon them. In that respect they were like any obligations for which the creditor holds some security, which he is obliged under the act (section 57h) first to realize in accordance with the terms of the contract, and then is allowed to prove for the balance. That I think is the true analysis of the relations of the parties here: That Buzzini in fact assumed the obligation of the Arena Company, leaving in the hands of the claimant its dividends in bankruptcy as security pro tanto. It is true undoubtedly that the notes were contingent upon the final liquidation of the bankrupt company, but so is any claim for which the creditor holds security as soon as bankruptcy occurs. The trustee would indeed be forced to this distinction: That a secured creditor could not prove for the balance of debt, when the contract required him to liquidate and apply the security first before suit, since then it would be contingent, though he could prove it if the contract had allowed him to sue for the full claim, although the statute, even in the case of such a contract, requires him to liquidate first

and prove for the balance. That would be a very narrow way to interpret the legislative intent.

The question is next raised of the time of payment. The trustee says that, since the final dividend was paid on the Arena Company claims more than a year after the adjudication of this bankrupt, the notes which were not due till then could not be proved. I can find no authority for the proposition that, granted an obligation is "absolutely owing," it makes the least difference when it is payable, and the statute (section 63a [1]) is expressly to the contrary. There is, of course, a difficulty in the case of indorsements of notes. On that account Judge Brown in Rhode Island (Re Smith, 146 Fed. 923), suggested obiter that only indorsements of notes falling due within less than one year were not contingent. However, the time when the contingency of the claim is to be determined the statute fixes at the time of petition filed (section 63a [1]; Re Pettingill, 137 Fed. 145), and, if the claim be "absolutely owing," then there appears to be no law for disallowing it because the date of payment is delayed. In this case the claim must, of course, have been proved within the year, but its liquidation would be delayed till the security was all realized. This is a thing which may occur very frequently in bankruptcy.

Therefore I can see no objection to the claim and the order expunging it must be reversed, and the claim allowed.