MAYNARD, ADMINISTRATOR, *v.* ELLIOTT, TRUSTEE IN BANKRUPTCY.

VARNEY *v.* SAME.

SMITH ET AL. *v.* SAME.

RUTHERFORD *v.* SAME.

Nos. 239, 240, 241, and 242. Argued March 12, 13, 1931.—Decided April 13, 1931.

Messrs. *Randolph Bias* and *Wells Goodykoontz* for petitioners.

*Mr. Stanley Reed* for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

The bankrupts in these cases were endorsers of promissory notes payable to petitioners, some of them within the year after adjudication, allowed by § 57 (n) of the Bankruptcy Act (July 1, 1898, c. 541, 30 Stat. 544, 561) for proof of claims, others at later dates. Petitioners filed proofs of claim upon the endorsements, which were allowed. Proceedings were brought by the trustee to expunge the claims as not provable.

Upon review, the Circuit Court of Appeals for the Sixth Circuit held that as none of the notes was due at the time of the petition, and as neither presentment nor notice of dishonor had been waived, the liability with respect to each of the endorsements was not a provable claim, because contingent, and gave judgment accordingly, 40 F. (2d) 17, following its earlier decision in *First National Bank* v. *Elliott*, 19 F. (2d) 426. This Court granted certiorari, 282 U. S. 822, to resolve the conflict between the decision below and those of other circuit courts of appeals, in *Moch* v. *Market Street National Bank,* 107 Fed. 897 (C. C. A. 3rd), and in *In re Semmer Glass Co.,* 135 Fed. 77 (C. C. A. 2d), appeal dismissed, 203 U. S. 141; see *Colman Co.* v. *Withoft,* 195 Fed. 250, 253.

Section 63 of the Bankruptcy Act provides:

"(a) Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evi-

denced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; . . . (4) founded upon an open account, or upon a contract express or implied; . . .

"(b) Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate."

Section 17 provides that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . ." with exceptions not now material, and § 1 (11) that " ' debt ' shall include any debt, demand, or claim provable in bankruptcy." Earlier acts provided for the proof of various types of contingent liability specifically enumerated, including that of the endorser of negotiable paper, § 5, Act of August 19, 1841, c. 9, 5 Stat. 440, 445; § 19, Act of March 2, 1867, c. 176, 14 Stat. 517, 525.

Although the omission of any reference to contingent claims in § 63 of the present Act has led to some confusion and uncertainty in the decisions, it is now settled that claims founded upon contract, which at the time of the bankruptcy are fixed in amount or susceptible of liquidation, may be proved under subdivision (a) (4) of that section, although not absolutely owing when the petition is filed. Williams v. U. S. Fidelity Co., 236 U. S. 549; Central Trust Co. v. Chicago Auditorium, 240 U. S. 581. The sole question now presented is whether the liability of an endorser is of that class.

The obligation of an endorser is at least a " claim," and hence a debt so far as defined by § 1 (11) ; and the language of § 63, which permits proof of a claim " founded . . . upon a contract, express or implied," is broad enough to

embrace the liability of an endorser upon negotiable paper which has not matured at the time of the adjudication. Within three years after the enactment of the Bankruptcy Act, the Court of Appeals for the Third Circuit, in *Moch* v. *Market Street National Bank, supra,* held that the liability of a bankrupt endorser of commercial paper, which did not mature until after the filing of the petition, was a provable claim under § 63 (a) (4). This ruling was followed by the Court of Appeals for the Second Circuit in *In re Semmer Glass Co., supra,* and appears to have been accepted by the Court of Appeals for the Ninth Circuit, *Colman Co.* v. *Withoft, supra,* p. 253, and by the district courts generally. *In re O'Donnell,* 131 Fed. 150; *In re Rothenberg,* 140 Fed. 798; *In re Smith,* 146 Fed. 923; *In re Dunlap Carpet Co.,* 163 Fed. 541; *In re Caloris Mfg. Co.,* 179 Fed. 722; *In re Buzzini,* 183 Fed. 827; *In re Refining Co.,* 192 Fed. 445; *In re Keith-Gara Co.,* 203 Fed. 585; *Heyman* v. *Third National Bank,* 216 Fed. 685; *In re Amdur Shoe Co.,* 13 F. (2d) 147. See also *Germania Savings Bank* v. *Loeb,* 188 Fed. 285, 289; *Courtney* v. *Trust Co.,* 219 Fed. 57, 66 (both C. C. A. 6th).

The rule thus announced seems not to have been seriously challenged until the decision, twenty-six years later, of the Court of Appeals for the Sixth Circuit in *First National Bank* v. *Elliott, supra.* In *Dunbar* v. *Dunbar,* 190 U. S. 340, the *Moch* case was cited and distinguished from the claim involved in that case, which was dependent upon a contingency so uncertain, as the court held, that its liquidation or valuation was impossible. In the meantime, leading text writers have stated that the liability of an endorser, upon a note falling due after the petition, is provable under § 63 (a) (4). 1 Loveland on Bankruptcy (4th ed.) p. 609; 2 Collier on Bankruptcy (13th ed.) pp. 1399–1400; 2 Remington on Bankruptcy (3rd ed.) § 777.

Only compelling language in the statute itself would warrant the rejection of a construction so long and so generally accepted, especially where overturning the established practice would have such far reaching consequences as in the present instance. But such language is wanting in § 63. That section purports to be an enumeration of classes of provable claims—not an enumeration of characteristics which must inhere in every claim proved. Only by reading into subdivision (a) (4) the limitation of subdivision (a) (1) that the claim must be absolutely owing, would there be ground for rejecting a claim against a bankrupt endorser as not complying with the former.

Respondent argues that (a) (4) must be so read, since, otherwise, the limitation in (a) (1) would be practically without effect. See *In re Roth & Appel,* 181 Fed. 667; *In re Hutchcraft,* 247 Fed. 187. But this contention was rejected by the decision in *Williams* v. *U. S. Fidelity Co., supra;* see *Central Trust Co.* v. *Chicago Auditorium, supra,* pp. 592, 593, and is not supported, as respondent contends, by *Zavelo* v. *Reeves,* 227 U. S. 625. That case held only that § 63, read in the light of the spirit and purpose of the Act, did not authorize proof of claim upon an obligation entered into by the bankrupt after the filing of the petition. See *In re Burka,* 104 Fed. 326.

Possible doubts as to the meaning of the section should be resolved in the light of the purpose of the Act " to convert the assets of the bankrupt into cash for distribution among creditors and then to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." *Williams* v. *U. S. Fidelity Co., supra,* p. 554; *Central Trust Co.* v. *Chicago Auditorium, supra,* p. 591. If this purpose be given its appropriate weight, a meaning cannot be attributed to the plain words of subdivision (a) (4), which would so restrict them as to preclude proof of claim upon

the liability of an endorser of commercial paper, and result in its survival of the bankrupt's discharge as an obligation enforcible against him.

That some contingent claims are deemed not provable does not militate against this conclusion. The contingency of the bankrupt's obligation may be such as to render any claim upon it incapable of proof. It may be one beyond the control of the creditor, and dependent upon an event so fortuitous as to make it uncertain whether liability will ever attach. *In re Merrill & Baker,* 186 Fed. 312. Such a claim could not be proved under the Act of 1841 although in terms permitting proof of contingent claims. *Riggin* v. *Magwire,* 15 Wall. 549. Or, the contingency may be such as to make any valuation of the claim impossible, even though liability has attached. Of this latter class was the claim upon the bankrupt's contract to pay his divorced wife a specified amount annually so long as she should remain unmarried, proof of which was for that reason rejected in *Dunbar* v. *Dunbar, supra;* see *Atkins* v. *Wilcox,* 105 Fed. 595.

But the liability of an endorser is of neither class. Its amount is certain; and the contingency of notice of dishonor to the endorser is within the control of the creditor, so as to place his claim, so far as its certainty of accrual and its susceptibility of liquidation are concerned, upon the same footing as the contract of indemnity which was held provable in *Williams* v. *U. S. Fidelity Co., supra,* although the claimant had done nothing at the time of the bankruptcy to satisfy the liability for which the indemnity was given. See also *Central Trust Co.* v. *Chicago Auditorium, supra,* pp. 593, 594.

The claim against the endorser of paper not matured at the time of the bankruptcy thus stands on the same plane as contracts of suretyship or guarantee of payment of a debt not due until after the bankruptcy. See *In re Refining Co., supra;* Collier on Bankruptcy, *supra;* Reming-

ton on Bankruptcy, *supra.* Even though not due until after the year allowed for proof of claims, if proved in time, such a claim may be liquidated as are other unmatured claims. *In re Buzzini, supra,* p. 830. As the claim is provable, and as notice of dishonor after the petition is filed is necessary only to charge the endorser, in the event he does not secure his discharge, the claimant need not give notice of dishonor in order to share in the estate. See *Coleman Co.* v. *Withoft, supra,* p. 253.

The application of respondent to expunge the claims should be denied in each case. The judgment will be reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*