CAMPBELL CONSTRUCTION COMPANY, INC., Plaintiff, *v.* FRANK GARAI, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, June 29, 1931.

*Benjamin Cohen,* for the plaintiff.

*Francis P. Burns,* for the defendant.

LEWIS, DAVID C., J. Originally this matter came before me on a motion by the defendant for judgment on the pleadings. That motion was granted.

On that occasion the plaintiff neglected to submit law or argument and the court disposed of the application presented.

Subsequently the plaintiff duly moved for reargument of the original motion.

Upon the hearing of the motion for reargument, time was granted for the submission of briefs and subsequent thereto briefs were forwarded to the court at another district.

It appears that through error or misunderstanding, the time of the court to decide expired and the court thereby lost jurisdiction.

In the interim, the case was reached on the trial calendar; and I gather had been dismissed because of the refusal of the trial court to grant plaintiff's application for an adjournment awaiting the decision upon the motion for reargument.

The matter again comes before me on a renewed application for reargument pursuant to section 119, subdivision 2, of the Municipal Court Code.

On September 6, 1929, the plaintiff entered into a lease with the defendant of certain premises for a term commencing October 1, 1929, and expiring September 30, 1934, at an annual rental of $2,000, payable in equal monthly installments in advance.

The lease contains the following clause: " If the tenant shall make default in the payment of the rent reserved hereunder or any part thereof, or if the notice last above provided for shall have been given and said five days' period shall have elapsed, or if the demised premises become vacant or deserted, the Landlord by agents and servants, may immediately, or at any time thereafter, re-enter the demised premises and remove all persons and property therefrom either by summary dispossess proceedings, or by any suitable action or proceeding at law, or by force or otherwise, without being liable to indictment, prosecution or damage therefor. In any such case the Landlord may either re-let said premises for the Landlord's own account, or may, at the Landlord's option, re-let the demised premises or any part or parts thereof, as the agent of the Tenant, and receive the rents therefor, applying the same first to the payment of such expenses as the Landlord may have incurred, and then to the fulfillment of the covenants of the Tenant herein, and the balance, if any, at the expiration of the term first above provided for shall be paid to the Tenant. In the event that the term of this lease shall expire as above in this subdivision ' Seventh ' provided, or of the termination of this lease by summary proceedings or otherwise, and if the Landlord shall not re-let the demised premises for the Landlord's own account, then, whether or not the premises be re-let, the Tenant shall remain liable for and the Tenant hereby agrees to pay to the Landlord until the time when this lease would have expired, but for such termination or expiration, the equivalent of the amount of all the rent reserved herein, less the avails of re-letting, if any, and the same shall be due and payable on the several rent days above specified, that is, upon each of such rent days the Tenant shall pay to the Landlord the amount of the deficiency then existing."

About February 21, 1930, a final order was duly entered in favor of the plaintiff, as landlord, against the defendant, as tenant, in summary proceedings brought for the non-payment of rent.

On the 28th day of October, 1930, the defendant herein was duly adjudicated a bankrupt. In his bankruptcy schedules he listed the liability on this lease as follows: " Campbell Construction Company, Inc., of 40 West 67th Street, New York City, possible and additional liability under a lease of date September 6th, 1929 between the petitioner herein and said Campbell Construction

Company, Inc., for a term of five years commencing October 1st, 1929, and ending September 30th, 1934, at an annual monthly rental of Two thousand ($2000) Dollars payable in equal monthly installments of One Hundred Sixty-six and 67/100 ($166.67) Dollars in advance on the first day of each and every month during the term of this lease, first month's rent to be paid on the signing of this lease, receipt of which is hereby acknowledged, all as provided in said lease, and all amounting to $10,000 less the sum of $1,101.54, and the sum of $361.40, and the sum of $333.34 or the possible sum, in addition to said judgment, of $8,203.72."

On the 14th day of January, 1931, the defendant was duly discharged from all his debts and obligations by order of the United States District Court.

Advisedly, this action is not brought to recover rent.

"After the tenant had been ejected in summary proceedings, the lease was at an end. What survived was a liability, not for rent, but for damages." (*Hermitage Co.* v. *Levine*, 248 N. Y. 333, at p. 337.) (See, also, the decision by Mr. Justice NOONAN, heretofore rendered in an action between the same parties in the City Court of the City of New York.)

The plaintiff brings this action to recover damages in an amount equivalent to the rent for a period from November, 1930, to January, 1931, during which time it is claimed the premises were not relet.

The defendant pleads his discharge in bankruptcy as a total defense. The defendant moved for judgment on the pleadings.

Notwithstanding the vaunted advance of the law, and the current liberal and progressive judicial trend, though "The law has outgrown its primitive stage of formalism" (*Wood* v. *Duff-Gordon*, 222 N. Y. 88, at p. 91); though it is the purpose of the Bankruptcy Law "to relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from obligations and responsibilities consequent upon business misfortune" (*Maynard* v. *Elliott*, 283 U. S. 273; 17 Am. Bankr. Rep. [N. S.] 501), the Federal courts still hold that the liability of a lessee survives his discharge in bankruptcy. (*Matter of Roth & Appell*, 181 Fed. 667; *Watson* v. *Merrill*, 136 id. 359.)

In other fields of the law the fact that damages may be difficult to compute or uncertain or unliquidated does not necessarily constitute a fatal barrier or make them dependent upon an event so fortuitous as not to be susceptible of liquidation. With the Bankruptcy Law, so far as regards a claim like the one presented, it would seem to be different.

Perchance this sacred regard for these rights of a lessor, as something that only death can abate (*Deane* v. *Caldwell,* 127 Mass. 242), inheres from the feudal days.

One gathers a gleam of encouragement from the recent opinion of the United States Supreme Court indicating a tendency to veer when it can from strict adherence to this holding. (See *Maynard* v. *Elliott,* 17 Am. Bankr. Rep. at p. 504.)

In a case like the present, in this day of depression, " the court will take judicial notice that the business depression * * * has been the worst and most far reaching in the history of the world.' (*Matter of Winburn,* 140 Misc. 18, 20.) Mindful of the principle so eloquently expressed by the chief judge of the Court of Appeals, " judges should recognize the truth that an opinion derives its authority, just as law derives its existence, from all the facts of life," one in this court is reluctant to bow to *stare decisis.* But such is the way of the law.

The court is compelled, therefore, to rule that the answer does not present a defense and that the plaintiff is entitled to judgment.

Case restored to the calendar and motion granted as indicated.

Submit order. Ten days' stay after service of a copy of the judgment with notice of entry.