### In re F. & W. GRAND 5-10-25 CENT STORES, Inc.

### MARSHALL & ILSLEY BANK v. IRVING TRUST CO.

No. 416.

Circuit Court of Appeals, Second Circuit.

May 7, 1934.

McManus, Ernst & Ernst, of New York City (Walter E. Ernst and Lester D. Melzer, both of New York City, of counsel), for appellant.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Frederick H. Wood and Joseph Day Lee, both of New York City, of counsel), for appellee.

Ernst, Gale, Bernays & Falk, of New York City (Murray C. Bernays and George G. Ernst, both of New York City, of counsel), amici curiæ.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Upon a petition filed on July 14, 1932, F. & W. Grand 5-10-25 Cent Stores, Inc., was adjudicated bankrupt, and the appellee subsequently qualified as its trustee in bankruptcy. In September, 1928, the bankrupt as lessee entered into a lease of certain premises in New York City for a term ending December 31, 1948. In May, 1929, the bankrupt sublet the whole of said premises to Lerner Stores Corporation for a term ending one day short of its own term. The sublessee agreed to perform the lessee's covenants under the original lease, and to pay to the bankrupt as "additional rent" $30,000 annually in equal quarterly installments. On December 31, 1929, the bankrupt sold, assigned, and transferred to Marad Holding Corporation all rents accruing to it under said sublease from and after January 1, 1930. The sixth paragraph of this instrument contained a covenant by the bankrupt (the "First Party") in the following terms:

"Sixth: The First Party hereby guarantees the payment by Lerner of the rentals reserved under the terms of said Lerner lease, and in the event that said Lerner shall make default in the payment thereof and such default shall not be rectified within the time and in the manner provided in said Lerner lease; or in the event that said Lerner lease shall be for any reason canceled or rendered void, then and in either of said events, the First Party shall forthwith, upon written notice from the Second Party, make such payment or payments to the Second Party."

The appellant is the successor, by assignment in July, 1930, to the rights of Marad Holding Corporation in the instrument of

December 31, 1929. Upon the above-quoted paragraph it bases its claim.

On July 14, 1932, when the petition in bankruptcy was filed, Lerner Stores Corporation was in default in respect to the quarterly installment of $7,500 of the "additional rent" payable on July 1st, but this default was subsequently rectified. The bankrupt's default is alleged to have commenced on October 1, 1932, and to have come about in the following manner: On September 28, 1932, Lerner Stores Corporation assigned its sublease to Manhattan Lerner Company, and two days later, after changing its name to Outfitters Operating Realty, was adjudicated bankrupt. Its assignee, Manhattan Lerner Company, refused to assume performance of the terms of the sublease unless the rental was reduced. On January 11, 1933, without the consent of the appellant, Marad Holding Corporation, which had acquired the bankrupt's interest in the sublease (as distinct from the rents previously assigned to the appellant), entered into an agreement with Manhattan Lerner Company to modify the sublease by making the "additional rent" the sum of $12,000 annually from October 1, 1932, to September 30, 1942, and the sum of $15,000 annually from October 1, 1942, to the end of the term. This reduced rental was alleged to be, and for the purpose of the decision below was assumed to be, the full rental value of the premises. The difference over the entire term between the reduced rent and the guaranteed rent of $30,000 per annum amounts to $273,750, and it was for this sum that the appellant filed its amended proof of debt.

The obligations imposed upon the bankrupt by the above-quoted sixth paragraph of the instrument of December 31, 1929, contemplated payments to be made by the bankrupt in either of two contingencies: (1) Default by Lerner in rental payments and a failure to rectify the default as provided in the Lerner sublease; and (2) cancellation or voiding of the sublease. The second contingency had not happened when the petition was filed on July 14, 1932, and, so far as appears, may never happen. The bankrupt's duty to make payments in this event was uncertain both in obligation and in amount. A claim based upon this promise is incapable of valuation and not provable in bankruptcy. See Dunbar v. Dunbar, 190 U. S. 340, 23 S. Ct. 757, 47 L. Ed. 1084; Maynard v. Elliott, 283 U. S. 273, 278, 51 S. Ct. 390, 75 L. Ed. 1028; In re F. & W. Grand 5–10–25 Cent Stores (Claim of Possart) 69 F.(2d) 807, decided by this court March 12, 1934.

The claim must rest upon the bankrupt's promise with respect to the first-named contingency; that is, its guaranty of payment of rents by Lerner and its promise to pay them itself in the event of Lerner's unrectified default. The appellant argues that this agreement should not be construed as a guaranty of rents, but a promise to pay specified sums at specified times, if Lerner does not pay them, with Lerner's obligation as sublessee pledged as security for the bankrupt's promise. Thus the appellant seeks to make applicable the decision in Maynard v. Elliott, supra, that the holder of an unmatured promissory note may prove against the estate of a bankrupt indorser. Such construction of the agreement is clearly unsound. The bankrupt "hereby guarantees" Lerner's rents; its liability is contingent in event upon Lerner's default under the sublease; it is likewise contingent in amount, for the more Lerner pays the less the bankrupt must make up. The bankrupt's obligation under this branch of its agreement is just as contingent as is Lerner's, and subject to the same conditions, plus the additional condition that Lerner shall itself default. It is now settled that a claim based on a tenant's covenant to indemnify the landlord against loss of rents falling due after the tenant's bankruptcy is not provable. Manhattan Properties, Inc., v. Irving Trust Co., 291 U. S. 45, 54 S. Ct. 385, 78 L. Ed. ——. The considerations which led to this decision are equally applicable to proof against a bankrupt guarantor of future rents. Schneck v. Lewis, 210 App. Div. 845, 206 N. Y. S. 958, so held even before the Manhattan Properties decision.

It is urged that in Cobb v. Overman, 109 F. 65, 54 L. R. A. 369 (C. C. A. 4), a claim on a penal bond conditioned upon payment of future rent, among other things, was held provable against the estate of the bankrupt obligor. It does not clearly appear whether the rent liability was truly contingent; if it was, we think the case can no longer stand. Compare Atkins v. Wilcox, 105 F. 595, 53 L. R. A. 118 (C. C. A. 5), cited with approval in Maynard v. Elliott, supra. In the Atkins Case a claim based on notes given by the tenant for installments of rent not accrued at the date of his bankruptcy was held not provable. We cannot conceive that, had such notes been indorsed, they would have been any less nonprovable against the bankrupt indorser. Maynard v. Elliott makes it clear

that not all contingent claims are provable. There the indorsed notes were absolute obligations of the primary debtor and would have been provable against his estate in bankruptcy. In the case at bar the primary obligation of Lerner Stores Corporation for future rent did not give rise to a claim provable in bankruptcy against it, and Maynard v. Elliott cannot be deemed authority for allowing proof against the lessee's bankrupt guarantor.

Order affirmed.