722

## In re PUBLIX ENTERPRISES, Inc.

District Court, S. D. New York.
July 12, 1934.

WOOLSEY, District Judge.

These two petitions are in all respects denied.

■ I. In order to open the default it should appear: (1) That there was an excuse for the default; and (2) that there are merits which, if the default is opened, should be the subject of judicial scrutiny.

■ II. The facts are that the referee's orders on his decision were served May 1, 1934, on petitioners' attorneys. Under bankruptcy rule 14 of this district a petition to review the referee's orders should have been filed on or before the 11th day of May, 1934, unless "before the expiration of such period" the time had been extended by the court, or the referee in charge of the cause.

It seems to me that it would have been very simple for the petitioners' counsel to have applied for additional time within which to file their petitions to review, basing their request on the fact that their client was in Colorado and that the time it would take to communicate with him satisfactorily would probably more than exhaust the prescribed ten days.

Certainly any court or referee under the circumstances shown would have allowed a reasonable extension, but this was not requested, and, therefore, I think that the referee was right in refusing to accept petitions to review which were tendered to him on May 28, 1934.

Moreover, the situation on the merits shows that there is not any reason why this default should be opened by me even if, in the face of rule 14, it would be proper for me to open it in special circumstances.

■ III. On the merits I think it would be futile to open the default.

The amendment to section 63a of the Bankruptcy Act of 1898, achieved by section 4 of the Act of June 7, 1934, 11 USCA § 103 (a) is made applicable by the additional amendment of June 18, 1934 to subdivision 7 of said section 4 (11 USCA § 103 (a) (7) only to estates, then pending, in which the time for filing claims has not expired.

This proceeding was then pending, and the time for filing claims herein expired on July 26, 1933. The Act of June 7, 1934, as amended June 18, 1934, therefore, does not affect the petitioners' claims, or give the petitioners a locus standi as to such claims.

IV. Consequently, the decision of the Circuit Court of Appeals for this circuit in In re F. & W. Grand 5–10–25 Cent Stores, Inc., 70 F.(2d) 691, would be applicable if the default should be opened and the petitions for review should be allowed to be filed. Under that decision the claims of both the petitioners would be without merit.

Settle order in each claim on notice.