In re LITERARY DIGEST, Inc.

District Court, S. D. New York.
Jan. 16, 1939.

Zalkin & Cohen, of New York City, for trustee.

Brodek & Eisner, of New York City, for claimant.

PATTERSON, District Judge.

The debtor filed petition for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. A liquidation of the debtor's business was later ordered and a trustee appointed. Dr. Albert Shaw filed proof of claim. The first portion of the claim was for $140,500 on a promissory note; the second portion was for $45,000, for alleged damages on breach of an agreement to permit the claimant to use lists of names owned by the debtor. The referee who heard the case ruled that the claim on the promissory note was provable but that the claim for breach of agreement to allow use of the lists was not provable.

The debtor published a weekly magazine, "The Digest". Between 1931 and 1937 Shaw had advanced $640,500 to the debtor, for which he held ordinary demand notes. He was also the sole stockholder. By an agreement dated October 15, 1937, he sold all his stock to purchasers. He assigned to them $500,000 of the notes held by him, it being agreed that new notes to be issued for such notes should not carry interest and should be subordinated to other debts. His remaining notes, $140,500 in face value, were to be exchanged for an "income note" of the debtor in the same amount, to bear no interest and to be payable out of net income, with the right in Shaw and associates to take payment in advertising space in the debtor's magazine, such space to be not more than one-third of a page in any issue and the cost, which was the regular rate less 20 per cent., to be credited against the note. The agreement also gave Shaw the right to use without charge lists of the debtor, once in the course of 1937 and twice in the course of any later year.

The $140,500 note was a provable claim. It may be assumed that if the note had been payable solely out of net income to be earned by the debtor, the uncertainty whether net income would ever be earned would have defeated provability. Synnott v. Tombstone Consolidated Mines Co., 9 Cir., 208 F. 251. It is still the law that a claim whose valuation is substantially impossible of proof is not provable in bankruptcy. Maynard v. Elliott, 283 U.S. 273, 278, 51 S.Ct. 390, 75 L.Ed. 1028; In re Ray Long & Richard R. Smith, Inc., 2 Cir., 95 F.2d 525. But the claimant had the right to demand payment in advertising space, and it is not for the trustee to say that this right would not have been exercised by the claimant. In this respect the case is like one where a person has paid in advance for merchandise and the bankruptcy of the seller defeats the fulfillment of the contract. The debtor was under duty to continue publication of the magazine, so that advertising space would be available for the claimant's use, and its insolvency and abandonment of publication constituted a breach giving rise to a claim for damages. Central Trust Co. v. Chicago Auditorium Ass'n, 240 U.S. 581, 36 S.Ct. 412, 60 L.Ed. 811. The fact that it would have taken many years to pay off the note in advertising space is of no importance.

The claim for breach of the agreement to permit the claimant to use the debtor's lists was not provable. The value of this right was speculative and uncertain, despite the claimant's effort to prove a set value for each use.

The referee's determination was correct as to each portion of the claim, and his order will be affirmed.