**In re Jean Anne KALNAS, Bankrupt.**

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF EDUCATION, Plaintiff,**

**v.**

**Jean Anne KALNAS, Defendant.**

**Bankruptcy No. 77–1336 TT.**

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 14, 1979.

Inez G. Lundy, Asst. Atty. Gen., Commonwealth of Pennsylvania, Philadelphia, Pa., for plaintiff.

Mildred A. Molino, Lehigh Valley Legal Services, Bethlehem, Pa., for defendant.

OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge:

On August 16, 1977, defendant Jean Anne Kalnas filed a voluntary petition in bankruptcy. Plaintiff, Commonwealth of Pennsylvania, for itself and on behalf of East Stroudsburg State College, filed a claim for a total of $1,345, consisting of $1,170 in principal and $175 in interest due on a student loan. Plaintiff now objects to the discharge of that debt.[1]

Defendant attended classes at East Stroudsburg State College for one and one-half years, graduating with a degree in education in 1973. During this period, defendant applied for and received a loan from plaintiff, Commonwealth of Pennsylvania, for $1,800 to pay educational expenses. Defendant executed a promissory note which provided for quarterly payments of $97.09 to plaintiff, commencing January 1, 1975. Defendant has made no payments on the note.

The loan was made pursuant to the National Defense Student Loan program. The loan agreement contains several provisions for reduction or cancellation of the debt. Specifically, if the student borrower becomes a full-time teacher, either of lower-income elementary school students (satisfying certain federal standards) or of handicapped children, then the amount owed on the promissory note is reduced for each year of service: fifteen percent in each of the first two years, twenty percent in the third and fourth years, and thirty percent in the fifth year. If the borrower serves in the Armed Forces of the United States, in certain specified areas, the total amount of the debt, including interest, is reduced by twelve and one-half percent annually, up to fifty percent of the principal amount of the loan. In addition, as much as half of the loan debt may be cancelled, at the rate of ten percent per year, for full-time teaching service or if the borrower takes on teaching duties overseas for the Armed Forces. (20 U.S.C. § 425(b)(3). The statute also provides for cancellation of liability if the student borrower should die or become permanently disabled. 20 U.S.C. § 425(b)(6).)

■ Plaintiff's central objection to the discharge of this debt rests in its assertion that this type of student loan (National Defense/Direct Student Loan) created a contingent liability which is incapable of reasonable estimation because of the loan agreement's various provisions for reduction of payments or cancellation of the debt, thereby making the debt not provable under § 63a of the Bankruptcy Act. Defendant responds that the debt is provable under either § 63a(1) or (8) of the Act. The sole issue for decision, then, is whether the student loan in this case is a provable debt dischargeable in bankruptcy.[2]

Section 17a of the Bankruptcy Act provides, in part, that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . ." Section 63a

1. In 1976, Congress passed Pub.L.No. 94–482, § 127, 90 Stat. 2141 (1976) (codified at 20 U.S.C. § 1087–3), substantially restricting the dischargeability of federally insured or guaranteed student loans. The new provision applies "to any proceedings begun under the Bankruptcy Act on or after September 30, 1977." Id. The present proceedings were commenced by the filing of a voluntary petition in bankruptcy on August 16, 1977. The provisions of § 1087–3 do not apply to this case. Cf. In re Mwongozi, 4 BCD 120, 125 (D.Or.1978); In re Thomas, 4 BCD 796, 796 n.2 (W.D.N.Y.1978), regarding the inapplicability of § 1087–3 to the type of student loan involved herein. See also this Court's recent discussion of the state of flux of the law in this area in In re Johnson, 5 BCD 532, 532–535 (E.D.Pa.1979).

2. It should be stated that the parties' proofs and arguments at the hearing and in their briefs relating to the "honesty" or "good faith" of the debtor are irrelevant to the issue being considered herein; hence, no further discussion of "honesty" or "good faith" is required. See In re Streitfeld, Bankr.No. 77 B 2519 (E.D.N.Y. December 29, 1978). To the extent that the plaintiff is attempting to argue that the defendant never intended to repay this debt (a § 17 argument), it has failed in all respects to carry its burden of proof of nondischargeability on such grounds. Moreover, any of the plaintiff's arguments relating to conduct by the defendant alleged to be in "violation of the purpose of the Act" (Brief for Plaintiff at 2) are similarly rejected.

lists which types of debts may be proved and states, in part:

> Debts of the bankrupt may be proved and allowed against his estate which are founded upon (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition by or against him, whether then payable or. not . . ; (4) an open account, or a contract express or implied . . . ; (8) contingent debts and contingent contractual liabilities; . . . .

We conclude that the liability created by the note evidencing a National Defense Student Loan made to the Bankrupt is a § 63(a)(1) fixed liability, absolutely owing at the time of the filing of the petition and thus is provable and dischargeable in bankruptcy.

The debt is provable because at any particular point in time the exact amount of the debt is known. *In re Crisp*, 521 F.2d 172 (2d Cir. 1975).

> The debtor has the obligation to make timely payments. That the debtor could change the nature of his repayment as to money owed which has not yet become due does not alter the conclusion that the liability was fixed. The indebtedness is not made contingent because the debtor may die or because he may become involved in certain types of work in designated areas. These conditions serve only to give the debtor an alternative means to monetary payment to extinguish or decrease the existing legal obligations.

*In re Streitfeld*, Bankr.No. 77 B 2519 at 9 (E.D.N.Y. December 29, 1978). In *In re Jones*, 5 BCD 593 (S.D.Ohio), Judge Perlman characterized the federal statutory provisions governing this type of student loan as follows:

> . . . [I]t is clear to us that [the statutory provisions] were not intended as conditions precedent to repayment. They

are not provisions of a contract negotiated between and entered into between borrower and lender. Instead they are provisions in a note amounting to independent offers, drafted solely by the lender. They offer inducements to the borrower to enter into certain occupations. If the borrower accepts any of those offers, his debt will be relieved. We do not see them, however, as in any way qualifying the obligation of a borrower to repay if the borrower does not take advantage of any of the offers extended. In other words they can provide a shield for a borrower, but not for the lender, and this was their intent. We therefore hold defendant's debt to be a fixed liability absolutely owing at the time of the filing of the petition in bankruptcy, within the meaning of § 63a(1) of the Bankruptcy Act.

5 BCD at 595.

The liability of the defendant was fixed when she signed the promissory note. *See In re Mwongozi*, 4 BCD 120, 121 (D.Or. 1978).

Even if we held that the debt is not a fixed liability within the meaning of § 63a(1), it is contingent and "capable of liquidation or of reasonable estimation" under §§ 63a(8) and 57d of the Bankruptcy Act.[3] Between the time of the execution of the promissory note and the filing of the petition in bankruptcy, none of the events triggering a reduction in or cancellation of the amounts of money owed to the plaintiff occurred. Therefore, as to any payments already in default, the amount is fixed at $1,170 plus $175 in interest (Plaintiff's Complaint, paragraph 6). As to amounts not yet due at the time of the filing of the petition (the balance of the $1,800 loan), "valuation of the claim is not made impossible by the provisions for reduction or cancellation of the monetary debt because at

---

3. We are aware that this conclusion is in apparent conflict with a recent decision of one of our colleagues on this Court, *In re Evans*, 4 BCD 793 (E.D.Pa.1978). We have declined to use the fair market valuation method used in *Evans*, 4 BCD at 794, for the reason that this type of student loan obligation is not exchanged on the market place as, for instance, would mortgages. Therefore, we think that the valuation method used herein (and in other cases cited throughout this opinion) more accurately reflects the true value of student loans.

any particular time the amount of the money debt is known." *In re Streitfeld, supra* at 11. " . . . [T]he value of the debt is unchanged by the possibility that the borrower may choose to satisfy his obligation by some means other than the payment of money. *In re Mwongozi, supra* at 123. This is because "[i]ts value is equal to the amount of debt which it discharges." *Id.* Therefore, "[t]he value of the borrower's alternative performance is subject to reasonable estimation." *Id.*[4]

■ There are two situations in which a contingent claim might be incapable of proof. *Maynard v. Elliot,* 283 U.S. 273, 51 S.Ct. 390, 75 L.Ed.2d 1028 (1931). The first is when the contingency is "beyond the control of the creditor, and dependent upon an event so fortuitous as to make it uncertain whether liability will ever attach." 283 U.S. at 278, 51 S.Ct. at 392. As has been stated previously in this opinion, liability attached when the bankrupt signed the promissory note. The second situation rendering a contingent liability not provable is when, although liability has already attached, "the contingency may be such as to make any valuation of the claim impossible." 283 U.S. at 278, 51 S.Ct. at 392. We reiterate that valuation of the claim involved here is possible at any point in time, regardless of whether payment is to be made in money or in services. *In re Crisp, supra; In re Streitfeld, supra; In re Mwongozi, supra.* Therefore, even as a contingent debt, this debt would be provable, allowable and dischargeable in bankruptcy.[5]

We conclude that the National Defense Student Loan debt in the amount of $1,800 plus interest at 3 percent per year listed by the defendants is provable, allowable and therefore dischargeable in bankruptcy.

---

4. We note here, without adopting the position, that the *Mwongozi* court concluded that "While none of the parties have argued the applicability of Section 63a(4), the court holds that the debt could also be proved as "a contract express or implied." *In re Mwongozi, supra* at 121, 122.

5. There has been much disagreement and discussion regarding the provability of this type of student loan. *See, e. g., In re Mwongozi,* 4 BCD 120 (D.Or.1978); A. Cohen, *Debtor-Creditor Relations Under the Bankruptcy Act of 1978,* 617–618 (1979). *See also In re Streitfeld,* Bankr.No. 77 B 2519 (E.D.N.Y.1978), for a brief survey of the cases and issues involved.