## NATIONAL MILLING & CHEMICAL CO., Inc., v. AMALGAMATED LAUNDRIES, Inc.

District Court, S. D. New York.
May 2, 1934.

Burnstine & Geist, of New York City (George E. Netter and Benjamin Levine, both of New York City, of counsel), for receiver.

Milbank, Tweed, Hope & Webb, of New York City (Wm. D. Gaillard, Jr., of New York City, of counsel), for Chase Nat. Bank of City of New York, trustee.

MACK, Circuit Judge.

Chase National Bank, as trustee for a bond issue, filed its claim as creditor, on behalf of all of the bondholders, under a covenant contained in the trust deed. It is conceded that under In re United Cigar Stores Co., 68 F.(2d) 895, 898 (C. C. A. 2, 1934), citing with approval In re International Match Corp., 3 F. Supp. 445 (D. C. S. D. N. Y. 1932), the claim of the trustee was properly allowed.

In August, 1932, an order was entered that dividends be paid directly to persons presenting the bonds and surrendering them or having them stamped with notice of payment. The receiver, however, was directed thereafter to apply for instructions as to the disposition of the dividends apportionable to bonds which might not have been so presented; all questions in relation thereto having been reserved.

In the United Cigar Stores Case, the court stated "what disposition should be made of any part of the dividend upon the trustee's claim which it cannot distribute we need not now decide."

In order to distribute that dividend, the trustee must necessarily have received it. The implication, therefore, is that the trustee as such was entitled to receive payment. The court merely refrained from intimating what the obligations of the trustee might be in case any question should thereafter be raised as to its disposition of the moneys so received and for any reason not distributed to any bondholder.

The exact question presented to me is whether payment should be made to the trustee as such to be held by it in trust for the bondholders who have not presented their claims, or whether, under 28 U. S. C., §§ 851 and 852 (28 USCA §§ 851, 852), it should ultimately go into the United States Treasury subject to the bondholders' claims therein, or whether, inasmuch as the time for presenting claims has now long since passed and final dividend is about to be paid, both the bondholders who have not presented their claims and the trustee acting on their behalf should be barred from receiving the dividend so that it may be distributed as part of the assets of the estate pro rata to all creditors.

The basis of the decisions hereinabove cited is that the trustee as such has a legal claim to participate in the estate by virtue of the direct covenant in the trust deed. True it is, as therein stated, there are two obligations for the same debt; the one on the covenant, the other on the bond. The debtor before payment is entitled to every protection against the possibility of double payment. In my judgment this case presents no such danger. The bondholder as such will be barred from filing any claim hereafter. The theoretical possibility of a suit on the bond at law against the corporation after the termination of the receivership is, of course, purely illusory; the practical life of the corporation is ended.

As between the trustee representing absent bondholders who, because of ignorance of the situation or otherwise, have not as yet identified themselves, and the other creditors, it seems to me clear that the former is entitled in its representative capacity to receive the payment. It will hold the moneys pro rata on an express trust. I see no need of reserving any power in this court to direct the trustee as to its duties; they are entirely dependent upon the law of the state of New York. The rights of bondholders in and to their share of the fund so held, if not claimed by them, will be subject to whatever disposition

any trust fund would be subject to under the laws of that state.

An order may be prepared pursuant to the views herein expressed.